**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR TWO DOMAIN NAMES SERVICED BY CLOUDFLARE, INC.** | ML No. 23-1356 |

*Reference:    DOJ Ref. # CRM-182-86273; Subject Accounts: www.brokerchooser.com, www.tradevision-group.net*

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from the Republic of Poland ("Poland").  The proposed Order would require Cloudflare, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in San Francisco, California, to disclose certain records and other information pertaining to the PROVIDER accounts associated with **www.brokerchooser.com** and **www.tradevision-group.net**, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of

Attachment A to the proposed Order.  In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.        PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.        Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order.  *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request).  In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512."  18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.        Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Poland's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**RELEVANT FACTS**

5.      Authorities in Poland are investigating unknown suspect(s) for fraud offenses, which occurred from September 2021 to November 2021, in violation of the criminal laws of Poland, specifically, Articles 286 and 294 of the Polish Criminal Code. A copy of the applicable laws is appended to this application. The United States, through the Office of International Affairs, received a request from Poland to provide the requested records to assist in the criminal

---

[1]  The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

investigation and/or prosecution.  Under the Agreement, the United States is obligated to render assistance in response to the request.

6.       According to authorities in Poland, on April 14, 2022, a Polish man (the "Victim"), through his attorney, filed a report of fraud in which the Victim lost PLN 229,724 (about USD 57,571).

7.       The Victim wanted to invest in cryptocurrencies and saw an advertisement at the domain **www.brokerchooser.com**.  The Victim filled out a contact form on the website and then he was contacted by a broker affiliated with the website **www.tradevision-group.net**, who introduced himself as Jan Kobi (Kobi).  At Kobi's instruction, the Victim installed a "webtrader" application on his smartphone and set up a cryptocurrency wallet on the platform www.coinbase.com.

8.       Kobi further instructed the Victim to transfer funds to an Estonian bank account, purportedly for the purpose of investing in cryptocurrencies.  The Victim made the following transfers: PLN 9,496 (USD 2,380) on September 24, 2021; PLN 28,464 (USD 7,133) on October 6, 2021; PLN 44,930 (USD 11,260) on October 20, 2021; PLN 47,767 (USD 11,970) on November 15, 2021; and PLN 99,066 (USD 24,827) on November 24, 2021.

9.       When the Victim asked for the profits from his investments, Kobi emailed the Victim a letter from Fidor Bank, which stated the Victim was required to pay tax on the profits, amounting to USD 23,045.  The Victim refused to make this payment.  A short time later, the "webtrader" application on the Victim's phone became unavailable, indicating that he had lost access to his cryptocurrency wallet.

10.      To date, the Victim has not recovered any of his money and the suspects are not identified.

11.     The domains **www.brokerchooser.com** and **www.tradevision-group.net** are serviced by PROVIDER.  Polish authorities seek records from PROVIDER in order to identify the unknown suspects and to further investigate the nature and scope of the criminal conduct.

## REQUEST FOR ORDER

12.     The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help authorities in Poland identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Peng Wu
Trial Attorney
DC Bar Number 995204
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 300
Washington, D.C.  20530
(202) 514-0631 telephone
(202) 514-0080 facsimile
Peng.Wu@usdoj.gov

## Relevant Provisions of the Polish Criminal Code

**Article 286**

Any person who, in order to gain financial benefit, commits fraud causing another person to disadvantageously administer their property or third-party property, by misleading such person, or taking advantage of their mistake, or inability to properly understand the action undertaken, will be liable to imprisonment of six months to eight years.

**Article 294**

Any person who commits the crime referred to in article … 286, paragraphs 1 or 2…against property of significant value will be liable to imprisonment of one year to ten years.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR TWO DOMAIN NAMES SERVICED BY CLOUDFLARE, INC.** | ML No. 23-1356 |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006), requesting that the Court issue an Order requiring Cloudflare, Inc. ("PROVIDER"), an electronic communication service and/or a remote computing service provider located in San Francisco, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.


_____                                            _____
Date                                                                                               Robert B. Collings
                                                                                                        United States Magistrate Judge

## ATTACHMENT A

**I.     The Accounts**

The Order applies to certain records and information for any Cloudflare, Inc. ("PROVIDER") accounts associated with the following identifiers:

**www.brokerchooser.com** and **www.tradevision-group.net**

and any preserved data and/or preservation numbers associated therewith.

**II.     Records and other information to be disclosed**

**A.  Information about the customer or subscriber of the Accounts**

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Accounts"), from the date each Account was created to the present, unless otherwise specified below, constituting information about the customer or subscriber of the Accounts:

1.  Names (including subscriber names, user names, and screen names);

2.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.  Local and long distance telephone connection records (including records of text messages sent and received);

4.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.  Length of service (including start date) and types of service utilized;

6.  Telephone or instrument numbers (including MAC addresses);

7.  Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8.  Means and source of payment for such service (including any credit card or bank account number) and billing records.